Curia, per

Evans, J.
In the case of Baker, Johnson & Co. vs. Bushnell, 2 McMull. 21, the question of costs is fully discussed by my brother O’Neall, who, on a review of the cases, comes to the conclusion “that in *26 issues which the parties are entitled to make up as a matter of right, or when the court neglects to make an order on a feigned issue, regulating the costs, the costs follow the result of the case.” This is a dictum merely, and not involved in the case then under consideration; but all the authorities are collected, and I am fully satisfied they sustain the conclusion, especially the case of Hoskin vs. Berkley, 4 T. R. 402, and the case of Herbert vs. Williamson, 1 Wel. 324. The short note of the case of Bates vs. Martin, Harp. 17, would seem to be to the contrary; but the note of the case, as well as the original manuscript, are too vague, indefinite and concise, to be put in opposition to what seems so well settled by the English cases. Costs, it is true, are only to be allowed as such, in cases which are provided for in the fee bill. But in feigned issues or suggestions, there is a' declaration, or its substitute, the suggestion, plea, judgment, subpoena writs, argument and execution, and for all these specific costs are allowed in the fee bill; and I can see no reason for supposing the costs for declarations and other parts of a record is to be restricted to actions commenced by original writ. No such inference results from the statutes which allow costs. I should rather conclude, that for every thing done in the course of a judicial proceeding for which costs is allowed in the fee bill, the prevailing party has a right to tax his costs against his adversary.
The exceptions are where issues are sent down from Chancery, and appeals from the Ordinary, and the reason in both these is, that no judgment at law is entered up, and, therefore, no execution can issue for the costs. In the latter case, the law now allows costs, and in the former, the Chancellor awards costs at his discretion. The motion is refused.
O’Neall, Butler, Wardlaw and Frost, JJ. concurred.